IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                              CIVIL ACTION NO. 2:06cv624

**SEA BAY DEVELOPMENT CORP.;**
**BEECH TREE PARK, INC.;**
**GREEN SEA FARMS, LLC;**
**ELWOOD H. PERRY;**
**FRANK T. WILLIAMS' FARMS OF**
**NORTH CAROLINA, INC.; and**
**FERRELL's BACKHOE SERVICE, INC.**

    **Defendants.**

### *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Sea Bay Development Corp.'s ("Sea Bay"), Beach Tree Park, Inc.'s ("Beach Tree"), Green Sea Farms, LLC's ("Green Sea"), and Elwood H. Perry's ("Perry") (collectively "Defendants") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendants' motions to dismiss are **DENIED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

The instant case concerns the United States' ("Plaintiff") allegations that Defendants and/or persons acting on their behalf violated the Clean Water Act, 33 U.S.C. §§ 1251 et. seq. (2000) ("CWA"), by discharging dredged or filled material into waters of the United States without the appropriate permit.  The property in question was purchased by Sea Bay and Beach Tree in approximately 1983.  Green Sea is a successor in interest to Sea Bay with respect to the property.  Perry represented the property owners in their dealings with the Army Corps of Engineers (the "Corps").  The property consists of about 1,600 acres located in Chesapeake, Virginia.  Much of the property is forested, although portions have been cleared and are in use as a farm.  The property has been used for silviculture in the past.  Plaintiff and Defendants dispute the size of the portion of the property that can be classified as "wetlands."

At some point prior to the current owners acquiring the property, an extensive system of drainage ditches was constructed on the property.  The original ditches were designed to have the ability to drain the entire property.  Plaintiff maintains that these ditches are directly connected to Bells Mill Creek, which flows into the Southern Branch of the Elizabeth River.

The conduct at issue in the instant case involved excavation work on the property's system of ditches.  Defendants maintain that in 1999 a tenant farmer on the property advised that water was backing up onto the farm fields, preventing those areas from being properly cultivated.  Subsequently, Defendants hired contractors to perform excavation work on the ditches, which had become blocked with vegetation and other material.  The contractors were Frank T. Williams' Farms of North Carolina, Inc. and Ferrell's Backhoe Service, Inc., who are also co-defendants in the instant case.  Plaintiff maintains that this work was done to increase drainage in

order to facilitate a new housing development. The principal allegation in Plaintiff's complaint is that the work done in the beginning of 1999 caused dredged material to be discharged into the ditches in violation of the CWA.

Plaintiff filed the instant complaint on November 2, 2006. Sea Bay, Beach Tree, and Green Sea filed a motion to dismiss on December 13, 2006. On December 29, 2006, Perry filed a motion to dismiss. On February 28, 2007, Plaintiff filed a response to the motions to dismiss. Defendants filed reply briefs on March 14, 2007.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d

393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

### III.  DISCUSSION

In the instant case, Defendants present two reasons this Court lacks subject matter jurisdiction.  The first is that, under the United States Supreme Court's (the "Supreme Court") recent opinion in *Rapanos v. United States*, 126 S. Ct. 2208 (2006), the property at issue is outside the regulatory reach of the CWA.  The second is that the ditch excavation at issue falls under the "maintenance of drainage ditches" exemption from the CWA permit requirement found in 33 U.S.C. § 1344(f).

**A.  Defendants' CWA Jurisdictional Argument**

The CWA was passed in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).  The primary provision at issue in the instant case makes illegal "the discharge of any pollutant by any person." 33 U.S.C. § 1311(a).  "Person" is defined to include individuals and corporations.  33 U.S.C. § 1362(5).  "Pollutant" is defined broadly, and includes "dredged soil" as well as "biological materials" and "rock, sand [and] cellar dirt." 33 U.S.C. § 1362(6).  The term "discharge of a pollutant" is defined as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).  "Navigable waters" is defined as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).  The construction of "waters of the United States" is the primary point of contention in Defendants' first jurisdictional argument.

In *Rapanos*, the Supreme Court considered the Corps' CWA regulations interpreting "the waters of the United States." *Rapanos*, 126 S. Ct. at 2216. In dealing with a scenario similar to the instant case, the Supreme Court "consider[ed] whether four Michigan wetlands, which lie near ditches or man-made drains that eventually empty into traditional navigable waters, constitute 'waters of the United States' within the meaning of the Act." *Rapanos*, 126 S. Ct. at 2219. Five justices voted to vacate the Sixth Circuit's decision upholding the Corps' CWA regulatory jurisdiction, while four justices dissented. The *Rapanos* decision produced two tests for whether a body of water falls under the reach of the CWA. Four justices held that, "the phrase 'the waters of the United States' includes only those relatively permanent, standing or continuously flowing bodies of water 'forming geographic features' that are described in ordinary parlance as 'streams[,] ... oceans, rivers, [and] lakes.'" *Id.* at 2225 (plurality opinion) (quoting Webster's New International Dictionary 2882 (2d ed.1954)). The plurality held that normally, ditches, channels, and conduits carrying an intermittent flow of water are not "waters of the United States." *Id.* at 2223.

Justice Kennedy concurred in the judgment, but devised a different test for "waters of the United States." Justice Kennedy stated that, "the Corps' jurisdiction over wetlands depends upon the existence of a significant nexus between the wetlands in question and navigable waters in the traditional sense." *Id.* at 2249 (Kennedy, J., concurring in the judgment). Justice Kennedy explained that, "wetlands possess the requisite nexus, and thus come within the statutory phrase 'navigable waters,' if the wetlands, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of other covered waters more readily understood as 'navigable.'" *Id.* at 2248. In determining which test to apply,

it is important to note that Justice Stevens' dissenting opinion closed by stating, "Given that all four Justices who have joined this opinion would uphold the Corps' jurisdiction . . . in all . . . cases in which either the plurality's or Justice Kennedy's test is satisfied-on remand each of the judgments should be reinstated if *either* of those tests is met." *Id.* at 2265 (Stevens, J., dissenting).[1]

Defendants assert that this Court lacks subject matter jurisdiction over the instant case because the CWA cannot be construed to apply to the property in question. Defendants cite both the plurality test and Justice Kennedy's test from *Rapanos* and state that the property in question falls outside both of those tests. Plaintiff counters by arguing that Defendants' assertion regarding the application of the CWA to the property goes to the merits of the case and does not in fact implicate this Court's subject matter jurisdiction.

Plaintiff has alleged four separate statutory grounds for subject matter jurisdiction. The first, 28 U.S.C. § 1331 (2000), provides federal jurisdiction if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States." The second is 28 U.S.C. § 1345 (2000), which provides for federal district court jurisdiction over "all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.'" Third, 28 U.S.C. § 1355 (2000) provides that, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary

---

[1] Given the Court's holding that a decision regarding the breadth of the Corps' jurisdiction over the property in question does not implicate the Court's subject matter jurisdiction, the Court is not presently required to reach the issue of which *Rapanos* test or tests to apply.

or otherwise, incurred under any Act of Congress . . . ." Finally, the CWA itself provides that district courts have jurisdiction over cases involving alleged violations of its provisions. 33 U.S.C. § 1319(b). Various courts have held that each of these provision provides jurisdiction over CWA enforcement actions brought by the United States. *See United States v. Krilich*, 209 F.3d 968, 972 (7th Cir. 2000) (holding that jurisdiction exists under 28 U.S.C. § 1331); *United States v. Puerto Rico*, 721 F.2d 832, 840 (1st Cir. 1983) (holding that jurisdiction exists under 28 U.S.C. § 1345); *United States v. Alcoa Inc.*, 98 F. Supp. 2d 1031, 1033 (N.D. Ind. 2000) (holding that jurisdiction exists under 33 U.S.C. § 1319(b)); *United States v. Bd. of Trs. of Fla. Keys Cmty. Coll.*, 531 F. Supp. 267, 269 (S.D. Fla. 1981) (holding that jurisdiction exists under 28 U.S.C. § 1355).

The Supreme Court has held that, "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Courts have subject matter jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Id.* at 685. However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83.

In *Steel Co. v. Citizens for a Better Env't*, the Supreme Court was faced with the question of whether the Emergency Planning and Community Right-To-Know Act of 1986 ("EPCRA") authorizes suits for purely past violations. 523 U.S. 83, 86 (1998). The Court never reached the

merits, however, because it held that the respondent lacked standing, so that the lower courts lacked jurisdiction to hear the case. *Id.* at 109-110. The dissent in *Steel Co.* portrayed the question of whether the EPCRA authorized suites for past violations as jurisdictional, so that if it did not so authorize these suits, the district court would not have jurisdiction to consider the merits. *Id.* at 114-15 (Stevens, J., dissenting). The majority responded by stating, "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . . ." *Id.* at 89 (majority opinion). The majority noted that, "[R]espondent wins under one construction of EPCRA and loses under another, and Justice Stevens does not argue that respondent's claim is frivolous or immaterial . . . ." *Id.*

In the instant case, the issue of whether the property in question is covered by the CWA depends upon the Court's construction of the CWA, informed by relevant precedent. In order to prevail on its CWA claim, Plaintiff will have to show, in part, that Defendants discharged dredged or fill material into the waters of the United States. 33 U.S.C. §§ 1311(a), 1362(6), 1362(7), 1362(12). The Court's construction of "waters of the United States" may determine whether Plaintiff has a valid cause of action, but as in *Steel Co.*, this question of statutory construction does not implicate subject matter jurisdiction. Instead, whether the property in question falls under the purview of the CWA's "navigable waters" definition as construed by the Supreme Court goes to the merits of Plaintiff's case.

The Supreme Court's holding in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006) further illustrates this point. *Arbaugh* dealt with the question of "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." *Arbaugh*, 126 S.

Ct. at 1238. In *Arbaugh*, after a trial and jury verdict for the plaintiff, the defendant moved to dismiss the entire action based on lack of subject matter jurisdiction, arguing that it had less than the statutorily-required fifteen employees. *Id.* The plaintiff had alleged subject matter jurisdiction under 28 U.S.C. § 1331. *Id.* at 1240.

The Supreme Court held that, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 1245. The Court quoted Moore's Federal Practice that, "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination." 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005), *quoted in Arbaugh*, 126 S. Ct. at 1242. The Court noted that Congress may decide to make the employee numerosity requirement jurisdictional, but that neither § 1331 nor Title VII's own jurisdictional provision specified any such threshold requirement. *Arbaugh*, 126 S. Ct. at 1245. The Court pointed to the fact that the numerosity requirement "appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). The Court concluded by stating that, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.*

Defendants' jurisdictional argument meets the same fate as that of the *Arbaugh* employer. Defendants are attempting to make the CWA definition of "waters of the United States" jurisdictional. As with Title VII's definition of "employer," the definition of "navigable waters" in the CWA "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the


district courts." *Zipes*, 455 U.S. at 394. Plaintiff has cited four separate provisions which all speak in jurisdictional terms and amply provide this Court with the basis for subject matter jurisdiction. Furthermore, Plaintiff's claim is clearly not so immaterial or "wholly insubstantial and frivolous" so as to warrant dismissal. *Bell*, 327 U.S. at 682-83.

It should be noted that even if Defendants' argument that the definition of "waters of the United States" goes to subject matter jurisdiction, it would still be appropriate to deny Defendants' motion to dismiss. This is so because, as the United States Court of Appeals for the Fourth Circuit has held, "A factual attack on the jurisdictional allegations of a complaint is permissible so long as it does not involve the merits of the action." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999). As discussed above, Plaintiff will have to show that Defendants discharged dredged or fill material into waters of the United States. The proper construction of "waters of the United States" and whether the property in question is subject to the CWA goes straight to the merits of Plaintiff's case. Therefore, even if the construction of "waters of the United States" is a jurisdiction question, this issue and the merits "are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." *Id.* at 581; *see also JTH Tax, Inc. v. Vacchiano*, No. 2:06cv418, 2006 WL 3299996, at *4 (E.D. Va. Oct. 25, 2006) (holding that "the jurisdictional facts are closely entwined with the merits" so that "[T]he proper course, 'is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981))).

**B. Defendants' Exemption Argument**

Defendant's second reason this Court lacks subject matter jurisdiction is that the activity at issue in the instant case falls under the farm ditch maintenance exemption from the CWA's permit requirement. The CWA states that, "Except as provided in paragraph (2) of this subsection, the discharge of dredged or fill material . . . (C) for the purpose of construction or maintenance of farm or stock ponds or irrigation ditches, or the maintenance of drainage ditches . . . is not prohibited by or otherwise subject to regulation under this section or section 1311(a) or 1342 of this title . . . ." 33 U.S.C. § 1344(f)(1). Paragraph (2) of this subsection contains a "recapture" provision stating that notwithstanding the ditch maintenance exemption:

> Any discharge of dredged or fill material into the navigable waters incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, where the flow or circulation of navigable waters may be impaired or the reach of such waters be reduced, shall be required to have a permit under this section.

33 U.S.C. § 1344(f)(2). Defendants argue that the activity in question falls under the § 1344(f)(1) exemption and does not implicate § 1344(f)(2)'s recapture provision. Plaintiff contends that this argument is an attack on the merits of Plaintiff's case, and thus is not appropriate for dismissal pursuant to Rule 12(b)(1).

This argument fails for the same reason as Defendants' first argument. First, whether the excavation activity performed by Defendants in the instant case falls under the § 1344(f)(1) exemption involves the application of facts to an appropriate construction of the exemption. Whether Defendant's exemption argument succeeds or fails goes to the viability of Plaintiff's cause of action, and not to the power of this Court to adjudicate this case. Second, even if

Defendants' argument can be seen as at least partially jurisdictional, the merits themselves "are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction." *North Carolina*, 180 F.3d at 581.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motions to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 18, 2007