IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                           CIVIL ACTION NO. 2:06cv624

SEA BAY DEVELOPMENT CORP.;
BEECH TREE PARK, INC.;
GREEN SEA FARMS, LLC;
ELWOOD H. PERRY;
FRANK T. WILLIAMS' FARMS OF
NORTH CAROLINA, INC.; and
FERRELL's BACKHOE SERVICE, INC.,

    Defendants.

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Frank T. Williams' Farms of North Carolina, Inc.'s ("Williams' Farms") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons stated below, Williams' Farms' motion to dismiss is **DENIED**.

I.  FACTUAL AND PROCEDURAL HISTORY

The instant case concerns the United States' ("Plaintiff") allegations that Williams' Farms violated the Clean Water Act, 33 U.S.C. §§ 1251 et. seq. (2000) ("CWA"), by discharging

1

dredged or filled material into waters of the United States without the appropriate permit. The factual background to this suit is summarized in this Court's previous Memorandum Opinion and Order in this case, *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1169188, at *1 (E.D. Va. April 18, 2007) ("*Sea Bay I*"). Briefly, Plaintiff alleges that the excavation of drainage ditches on certain property located in Chesapeake, Virginia violated the CWA in that dredged or filled material was discharged into the waters of the United States without the appropriate permit. According to Plaintiff's complaint, Williams' Farms' role in the alleged violation was to conduct ditch excavation on the property in question that led to the unlawful discharge of dredged or filled material. The complaint alleges that the unlawful discharge itself took place between January and April 1999.

Plaintiff filed the complaint on November 2, 2006. Williams' Farms filed the instant motion to dismiss on April 2, 2007. Plaintiff responded on April 16, 2007. Williams' Farms filed a reply on April 23, 2007.

## II. LEGAL STANDARDS

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has

the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

**B. Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that the facts alleged in the plaintiff's complaint are true. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969).

**C. Motion to Dismiss for Insufficiency of Service of Process**

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of an action for insufficient service of process. "In resolving a motion under Rule 12(b)(5), the party making the

service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001). A Rule 12(b)(5) motion is the proper vehicle for a claim of untimely service. 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004); *see Hoffman v. Benson*, 147 F.R.D. 205, 206-07 (W.D. Mo. 1993).

### III.  DISCUSSION

**A.  Williams' Farms' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Williams' Farms first argues that Plaintiff's complaint must be dismissed because this Court lacks subject matter jurisdiction. Williams' Farms incorporates the arguments presented by codefendants Sea Bay Development Corp., Beech Tree Park, Inc., and Green Sea Farms, LLC in their memorandum in support of their motion to dismiss filed December 13, 2006. The Court's Memorandum Opinion and Order in *Sea Bay I* fully addressed these arguments. *Sea Bay I* at *2-6. Williams' Farms' motion to dismiss for lack of subject matter jurisdiction is denied for the reasons stated in *Sea Bay I*.

**B.  Williams' Farms' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted**

Williams' Farms next argues that Plaintiff's claim against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Williams' Farms asserts that the statute of limitations has expired for Plaintiff's claims against it. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that a statute of limitations defense can be considered on a motion to dismiss).

There is no statute of limitations exclusive to the CWA. However, multiple courts have held that 28 U.S.C. § 2462 (2000) applies to CWA enforcement actions. *See United States v. Banks*, 115 F.3d 916, 918 (11th Cir. 1997); *Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 73-75 (3d Cir. 1990); *United States v. Hobbs*, 736 F. Supp. 1406, 1408-09 (E.D. Va. 1990). This section provides, "Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued . . . ." 28 U.S.C. § 2462. Williams' Farms argues that it is undisputed that the ditch excavation work leading to the alleged CWA violation occurred in the beginning of 1999 and Plaintiff was aware of the violations at that time, so that the five-year period of limitations bars Plaintiff's claim. Plaintiff responds by asserting that § 2462 does not apply to injunctive relief by its terms, and that the § 2462 limitations period has not expired with respect to civil penalties in this case because Plaintiff has alleged ongoing violations.

Various courts, including this district, have held that § 2462 does not apply to injunctive relief. *See United States v. Telluride Co.*, 146 F.3d 1241, 1248-29 (10th Cir. 1998); *Banks*, 115 F.3d at 918-19; *Hobbs*, 757 F. Supp. at 1410. First, the statute does not apply to equitable relief on its face, but rather to "any civil fine, penalty, or forfeiture, pecuniary or otherwise . . . ." 28 U.S.C. § 2462; *see also Hobbs*, 736 F. Supp. at 1410 (stating that § 2462 "by its own terms, has no bearing on suits in equity."); *N.C. Wildlife Fed'n v. Woodbury*, No. 87-584-CIV-5, 1989 WL 106517, at *3 (E.D.N.C. April 25, 1989) (holding that § 2462 did not bar a claim under the CWA for equitable relief). Second, "Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government." *E.L. Du Pont De*

*Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924); *see also BP America Prod. Co. v. Burton*, 127 S. Ct. 638, 646 (2006). Therefore, § 2462 does not apply to the equitable relief sought by Plaintiff in the instant case.[1]

Williams' Farms argues that even if § 2462 does not apply to equitable relief, Plaintiff's complaint nonetheless fails to state a claim against it because Williams' Farms has no control over the property in question and there is no threat of future violations by Williams' Farms. Plaintiff's complaint seeks three principal types of injunctive relief: an injunction against future discharge in violation of the CWA, an injunction to restore the property on-site, and an injunction to mitigate the damage off-site. Plaintiff argues that the Court has discretion to impose multiple varieties of injunctive relief under the CWA and that several of these remedies are available even if Williams' Farms has no current control over the property.

The United States Supreme Court has held that the CWA "permits the district court to order that relief it considers necessary to secure prompt compliance with the Act." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982); *see also Crutchfield v. U.S. Army Corps of Eng'rs*, 192 F. Supp. 2d 444, 452 (E.D. Va. 2001) ("It is . . . well-settled that, upon a proper showing, an injunction is appropriate to remedy violations of the CWA . . . ."). The Supreme Court has further stated that, "We read the [CWA] as permitting the exercise of a court's equitable discretion . . . ." *Romero-Barcelo*, 456 U.S. at 318. Courts have imposed a wide variety of injunctive relief under the CWA. *See, e.g.*, *United States v. Deaton*, 332 F.3d 698, 713-14 (4th Cir. 2003) (upholding a remedial order requiring property owners to fill a ditch); *United States v.*

---

[1] The Court notes that the parties dispute whether § 2462 applies to bar potential civil penalties; however, in view of the Court's holding that § 2462 does not apply to the equitable relief sought by Plaintiff, the Court does not need to address this issue at the present time.

*Van Leuzen*, 816 F. Supp. 1171, 1183 (S.D. Tex. 1993) (imposing an injunction against future violations of the CWA); *United States v. Bd. of Trs. of Fla. Keys Cmty. Coll.*, 531 F. Supp. 267, 275-76 (S.D. Fla. 1981) (ordering a damage mitigation project).

Plaintiff's complaint properly alleges several types of injunctive relief that may be appropriate in the instant case. For example, Plaintiff alleges the threat of continuing violations by Williams' Farms, such that an injunction against future violations may be appropriate. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations . . . ."). A restorative or mitigating injunction may also be appropriate. Williams' Farms argument that an injunction would be inappropriate because Williams' Farms has no property rights in the land in question is unavailing. First, this argument does not address potential prohibitive or mitigating injunctions, for which property rights in the land in question are irrelevant. Second, a motion to dismiss is not the appropriate time to determine the proper scope of any potential relief. A motion to dismiss will be denied as long as the complaint, which is assumed to be true, states a claim for relief "under any state of facts which could be proved in support of [the] claim." *Johnson*, 415 F.2d at 355. Plaintiff's complaint properly states a claim for injunctive relief, so § 2462 will not support a motion to dismiss.

Williams' Farms asserts that the doctrine of laches bars Plaintiff's claim for equitable relief. *See Hobbs*, 736 F. Supp. at 1410 (stating that laches governs the availability of equitable relief in a suit under the CWA). Laches may be raised in a motion to dismiss. *Knickman v. Prince George's County*, 187 F. Supp. 2d 559, 565 n.4 (D. Md. 2002). "Laches imposes on the defendant the ultimate burden of proving '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *White v. Daniel*, 909

F.2d 99, 102 (4th Cir. 1990) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)).  In addition, "whether laches bars an action depends upon the particular circumstances of the case."  *Id*.  Lack of diligence may be shown by "[a]n inexcusable or unreasonable delay."  *Id*.  Prejudice to the defendant "is demonstrated by a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct."  *Id*.  The defendant has the burden to prove laches.  *Id*.  The longer the delay, the less prejudice the defendant will be required to show.  *Id*.

Although Plaintiff waited over seven years from the date of the alleged violations to file suit in the instant case, the record shows that rather than sitting idly by, Plaintiff has pursued administrative action as well as settlement negotiations with regard to the property in question. (United States' Opp'n to the Mots. to Dismiss Filed by Def.'s Sea Bay Development Corp., Beech Tree Park, Inc. Green Sea Farms, LLC, and Elwood H. Perry, at 15).  In addition, Williams' Farms has failed to show prejudice from any delay.  Williams' Farms has known about the potential for litigation relating to the property in question since May 2000, when the Environmental Protection Agency issued it an administrative compliance order.  (United States' Opp'n to the Mot. to Dismiss Filed by Def. Frank T. Williams' Farms of N.C., Inc., at 17 n.11). Also, the president of Williams' Farms provided an affidavit in connection with settlement efforts in 2003.  (Defs.' Sea Bay Development Corp., Beech Tree Park, Inc., and Green Sea Farms, LLC Mem. of Law in Supp. of Their Mot. to Dismiss, Ex. F).  Williams' Farms has failed to prove the required elements to support a defense of laches.  Williams' Farms motion to dismiss for failure to state a claim is denied.

**C. Williams' Farms' Motion to Dismiss for Insufficiency of Service of Process**

Williams' Farms' final argument is that Plaintiff's complaint should be dismissed because service of the summons and complaint was not made on it until after the 120 days specified in Federal Rule of Civil Procedure 4(m). Williams' Farms was served ten days after the appropriate time period expired. Plaintiff counters that it made reasonable and diligent efforts to effect service, Williams' Farms was uncooperative and evasive, and that there are mitigating circumstances that support an extension of the 120-day period.

The instant complaint was filed on November 2, 2006. The 120-day time period expired on March 2, 2007. Plaintiff has supplied the declaration of a co-owner of the process server it used to serve Williams' Farms. (United States' Opp'n to the Mot. to Dismiss Filed by Def. Frank T. Williams' Farms of N.C., Inc., Ex. 3). Plaintiff directed that service occur no later than December 28, 2006. (*Id.* at ¶ 3). The process server had difficulty in contacting the president of Williams' Farms, but did have at least two telephone conversations with him. (*Id.* at ¶ 4). In January 2007, Plaintiff informed the process server that settlement was likely. (*Id.*). The process server experienced difficulty in arranging a time and place for service. (*Id.* at ¶ 5). Soon afterwards, Plaintiff requested the process server to serve Williams' Farms' designated agent, an attorney in Virginia Beach, Virginia. (*Id.*). On February 28, 2007, an employee with the process server attempted to serve the designated agent, but the agent refused process on the grounds that the summons was not specifically address to him. (*Id.*). Plaintiff provided a new summons specifically addressed to the designated agent, and the agent was served on March 12, 2007, ten days after the 120-day period. (*Id.*).

9

The standards for proper service as set forth in Federal Rule of Civil Procedure 4 are incorporated into Rule 12(b)(5). 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004); *see Lilly v. Winter*, No. 1:05cv879, 2006 WL 543977, at *1 (E.D. Va. March 3, 2006) (incorporating the Rule 4(m) time limit into a Rule 12(b)(5) analysis). Rule 4(m) states that, "if the plaintiff shows good cause for the failure [to effect service within 120 days after the filing of the complaint], the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause requires "reasonable and diligent efforts to effect service" within the 120-day limit. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D. Md. 1986); *see also Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999). A defendant's evasion of service can constitute good cause. *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W. Va. 1996). Attorney inadvertence, however, weighs against a finding of good cause. *Id.*

The Court finds that good cause for an extension of the time allowed to serve the summons and complaint exists in this case. Plaintiff did delay its attempts to contact Williams' Farms regarding service for over a month after the complaint was filed; however, when Plaintiff began to attempt to serve Williams' Farms, Williams' Farms was not cooperative in Plaintiff's process server's attempts to arrange a time and place for service. Furthermore, when Plaintiff directed that service be made on Williams' Farms' registered agent within the 120-day limit, the registered agent refused service because the summons did not list his name. Rule 4(e)(2) provides that unless otherwise provided, service may be effected "by delivering a copy of the summons and of the complaint . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(a),

10

describing the form of the summons, does not require a registered agent's name to appear. Plaintiff properly attempted to serve Williams' Farms' registered agent within the 120-day period, and that agent's improper refusal of service cannot be attributed to Plaintiff.

The Court notes that the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") has held that a finding of good cause is required before the 120-day limit can be extended, and a district court lacks discretion to extend the period otherwise. *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995). However, subsequent to *Mendez*, the United States Supreme Court stated, albeit in dicta, that "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting Fed. R. Civ. P. 4 advisory committee's note). After *Henderson*, courts in the Fourth Circuit have been divided over the continuing validity of *Mendez*. *Compare Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98-2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) (stating that the district court "in its discretion, could have extended the time for proper service of process . . . ."), *and Hammad*, 31 F. Supp. 2d at 527-28 ("[T]his court concludes that *Mendez* is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court . . . ."), *with In re Hall*, 222 B.R. 275, 278 (Bankr. E.D. Va. 1998) ("Although courts have criticized *Mendez*, it remains binding precedent in this circuit").

As the Court has found good cause for an extension in the instant case, the Court does not need to opine on the questionable nature of *Mendez*. However, even though absence of prejudice to the defendant is not normally a factor in the good cause determination, *see Quann*, 112 F.R.D. at 660-61, the Court notes that Williams' Farms has not been prejudiced by the late service in

11

this case. Service was actually effected ten days after the 120-day limit expired, the case is still in its early stages, and Plaintiff has served Williams' Farms with copies of all of its filings since December 20, 2006. (United States' Opp'n to the Mot. to Dismiss Filed by Def. Frank T. Williams' Farms of N.C., Inc., Ex. 7). In addition, a dismissal pursuant to Rule 12(b)(5) would be without prejudice. *See Lilly*, 2006 WL 543977, at *3; *see also* Fed. R. Civ. P. 4(m) (stating that dismissal for failure to serve within the 120-day period is without prejudice). As dismissal of Plaintiff's complaint would only lead to Plaintiff refiling and seeking to consolidate with the instant case, judicial economy would be best served by denying Williams' Farms' motion to dismiss. Williams' Farms motion to dismiss for insufficient service of process is denied.

### IV. CONCLUSION

For the foregoing reasons, Williams' Farms' motion to dismiss Plaintiff's complaint is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 8, 2007